NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0428n.06

No. 13-5276

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 12, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| DOUGLAS ATHERTON, | ) KENTUCKY |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: SUTTON and GRIFFIN, Circuit Judges; SARGUS, District Judge.[*]

PER CURIAM. Douglas Atherton, a federal prisoner, appeals through counsel the 71-month sentence imposed following his guilty plea to charges of possession of a firearm while under a domestic violence order and possession of a firearm by a convicted felon.

A relative of Atherton's called the police to report that Atherton had been making threats against his estranged wife and that he had a gun. The police found Atherton passed out in a parked vehicle. He had a pistol in his back pocket. Atherton was convicted in state court of carrying a concealed deadly weapon and first-degree stalking. He was sentenced to three years of imprisonment. After Atherton's guilty plea to the above federal charges, a presentence report was prepared that calculated a guidelines sentencing range of 57 to 71 months of imprisonment, based in part on a four-level enhancement to the offense level under U.S.S.G. § 2K2.1(b)(6)(B)

---

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

for possessing the firearm in connection with another felony offense. The district court sentenced Atherton to 71 months, to run concurrently with his state sentence. On appeal, Atherton argues that the enhancement for possession of a firearm in connection with another felony offense was erroneous.

Atherton admits that he did not raise this objection below. Therefore, the application of the enhancement is reviewed for plain error. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). No plain error occurred. Atherton relies on *United States v. Sanders*, 162 F.3d 396, 400 (6th Cir. 1998), for the proposition that a felony committed at the same time and based on the same conduct is not "another felony" for purposes of the § 2K2.1(b)(6)(B) enhancement. However, in doing so, he misrepresents that he was only convicted in state court of carrying a concealed deadly weapon, based on the same weapon possession that led to his federal convictions. He neglects to mention his first-degree stalking conviction, which was clearly not based on the same conduct as his federal convictions, and was therefore properly the basis for the enhancement.

Accordingly, the district court's judgment is affirmed.